Copy

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SIERRA NETWORK, INC., a corporation; AL
**(AVISO AL DEMANDADO):** FAKHER HOLDING TOBACCO AND TRADING
CO., a business of unknown form; AL FAKHER HOLDING USA, INC., a
California corporation; PIONEER VENTURE GROUP, LTD., a company limited
Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** DAVID HANNA, an individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 29 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
(Número del Caso): **18STCV06896**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Rodney S. Diggs, Esq. (SBN 274459)
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

IVIE MCNEILL & WYATT
444 S. Flower Street, Suite 1800, LOS ANGELES, CA 90071                    213-489-0028

DATE:   NOV 29 2018         SHERRI R. CARTER   Clerk, by   Patrice Offord   , Deputy
(Fecha)                                        (Secretario)                   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Al Fakher Holding USA, INC., a California corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-200(A)**

| | |
|---|---|
| SHORT TITLE: Hanna v Sierra Network, Inc., et al | CASE NUMBER: 18STCV06896 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

by shares; EMIL HAKIM, an individual; EHAB ATALLA, an individual; and DOES 1-250, inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

Copy

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SIERRA NETWORK, INC., a corporation; AL
*(AVISO AL DEMANDADO):* FAKHER HOLDING TOBACCO AND TRADING
CO., a business of unknown form; AL FAKHER HOLDING USA, INC., a
California corporation; PIONEER VENTURE GROUP, LTD., a company limited
Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** DAVID HANNA, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 29 2018

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):* 18STCV06896 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Rodney S. Diggs, Esq. (SBN 274459)
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
IVIE MCNEILL & WYATT
444 S. Flower Street, Suite 1800, LOS ANGELES, CA 90071                                213-489-0028

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha):* NOV 29 2018 | SHERRI R. CARTER | Clerk, by<br>*(Secretario):* Patrice Offat | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Sierra Network, Inc., a corporation

    under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-200(A)**

| SHORT TITLE: Hanna v Sierra Network, Inc., et al | CASE NUMBER: |
|---|---|
| | 18STCV06896 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

by shares; EMIL HAKIM, an individual; EHAB ATALLA, an individual; and DOES 1-250, inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder™

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, * *number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rodney S. Diggs, Esq. (SBN 274459)   SBN: | CONFORMED COPY |

Copy

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* * number, and address):*
Rodney S. Diggs, Esq. (SBN 274459)   SBN:
IVIE MCNEILL & WYATT
444 S. Flower Street, Suite 1800, LOS ANGELES, CA 90071
TELEPHONE NO.:213-489-0028        FAX NO.:213-489-0552
ATTORNEY FOR *(Name):* Plaintiff David Hanna

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 29 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: David Hanna v. Sierra Network, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited        [ ] Limited | [ ] Counter   [ ] Joinder | 18STCV06896 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Thirteen (13)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 28, 2018

Rodney S. Diggs, Esq. (SBN 274459)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* Westlaw Doc & Form Builder |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

SHORT TITLE: Hanna v Sierra Network, Inc., et al          CASE NUMBER 

Copy

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

SHORT TITLE: Hanna v Sierra Network, Inc., et al    CASE NUMBER 18STCV06

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C-Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☒ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Non-Personal Injury/ Property Damage/Wrongful Death Tort / Employment / Contract / Real Property / Unlawful Detainer

SHORT TITLE: Hanna v Sierra Network, Inc., et al

CASE NUMBER **18STCV06896**

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Hanna v Sierra Network, Inc., et al | CASE NUMBER: 18STCV06896 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>14931 Gwenchris Court |
|---|---|
| CITY:<br>Paramount | STATE: CA | ZIP CODE:<br>90723 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 28, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Copy

1  **RODNEY S. DIGGS, ESQ.** (SBN 274459)
   rdiggs@imwlaw.com
2  **CHAENA B. DADE, ESQ.** (SBN 310365)
   cdade@imwlaw.com
3  **IVIE, McNEILL & WYATT**
   444 S. Flower Street, Suite 1800
4  Los Angeles, California 90071
   Tel.   (213) 489-0028
5  Fax    (213) 489-0552
6  Attorneys for Plaintiff,
7  **David Hanna, an individual**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 29 2018

Sherri R. Carter, Executive Officer/Clerk
By _____  Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11  DAVID HANNA, an individual

12

13            Plaintiff,

14  vs.

15

16  SIERRA NETWORK, INC., a corporation;
    AL FAKHER HOLDING TOBACCO
17  AND TRADING CO., a business of
    unknown form; AL FAKHER HOLDING
18  USA, INC., a California corporation;
    PIONEER VENTURE GROUP, LTD., a
19  company limited by shares; EMIL
    HAKIM, an individual; EHAB ATALLA,
20  an individual; and DOES 1-250, inclusive
21
22            Defendants.
23

Case No. **18STCV06896**

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**CAUSES OF ACTION FOR:**

1.   **BREACH OF FIDUCIARY DUTY**
2.   **BREACH OF THE COVENANT OF
     GOOD FAITH AND FAIR DEALING**
3.   **UNFAIR AND DECEPTIVE
     BUSINESS PRACTICES IN
     VIOLATION OF** *CALIFORNIA
     BUSINESS AND PROFESSIONS
     CODE* **SECTION 17200,** *et seq.*
4.   **VIOLATION OF** *CALIFORNIA
     CORPORATIONS CODE* **§ 25401**
5.   **FRAUD**
6.   **VIOLATION OF RULE 10b-5 OF**
     *SECURITIES AND EXCHANGE ACT
     OF 1934*
7.   **NEGLIGENCE**
8.   **CONSPIRACY**
9.   **COMMON COUNTS**
10.  **CONSTRUCTIONAL FRAUD**
11.  **INTENTIONAL
     MISREPRESENTATION**
12.  **NEGLIGENT
     MISREPRESENTATION; and**
13.  **RESCISSION OF CONTRACTS**

24
25
26
27
28

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I.
## INTRODUCTION

This Complaint for damages and declaratory relief by Plaintiff **DAVID HANNA** (hereinafter "Plaintiff" or "Hanna") against Defendants **SIERRA NETWORK, INC.**, a California corporation; **EMIL HAKIM**, an individual; **EHAB ATALLA**, an individual; **AL FAKHER HOLDING TOBACCO TRADING AND AGENCIES, LLC.**, a Jordanian limited liability company; **PIONEER VENTURE GROUP, LTD.**, a United Arab Emirates company limited by shares; **AL FAKHER HOLDING USA, INC.**, a California corporation; and **DOES 1-250**, arises out of the August 2017 redemption of Plaintiff's shares in the company at an unfairly low value and under duplicitous circumstances. Plaintiff, upon information and belief and the investigation of his counsel of record, Ivie, McNeill & Wyatt, APLC, hereby alleges as follows:

## II.
## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims that arise under the laws of the United States, namely, 17 C.F.R. §240.10b-5. The Court has supplemental jurisdiction over Plaintiff's state law claims because the claims are so related to Plaintiff's federal-question claim that they form the same case and/or controversy.

2.     The Court also has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(2) because Defendant Al Fakher Holding Tobacco Trading and Agencies, LLC; Pioneer Venture Group, Ltd. are citizens of foreign states and more than $75,000.00 is in controversy.

3.     The Court has specific personal jurisdiction over the parties because each has

1  sufficient contacts with the State of California and has committed tortious acts in the County of

2  Los Angeles in California or directed to California.   Additionally, the damage suffered by

3  Plaintiff occurred in California.

4          4.      This Court also has specific personal jurisdiction over Plaintiff, Sierra Network,

5  Inc., Emil Hakim and Ehab Atalla because the parties expressly consented to the exclusive

6  jurisdiction of the courts of the State of California.  On February 25, 2017, Plaintiff entered into

7  an agreement with Emil Hakim and Ehab Atalla wherein the parties consented to the exclusive

8  jurisdiction of the Superior court of California for the County of Los Angeles to enforce the laws

9  of the United States and State of California for any dispute involving the agreement.  On August

10  31, 2017, Plaintiff and Sierra Network, Inc. entered into a "Shareholder Confirmation"

11  agreement wherein the parties agreed that the Agreement would be governed by and construed

12  and enforced in accordance with the laws of the State of California.

13          5.      Accordingly, this Court is the proper venue for this action.

14

15          5.      Accordingly, this Court is the proper venue for this action.

### III.
### PARTIES

6.   Plaintiff David Hanna is an adult individual residing in Los Angeles County, State
of California.

7.   Defendant Sierra Network, Inc., is a California corporation, with its principal
place of business at 14931 Gwenchris Court, Paramount, California 90723.  At the pertinent
times mentioned in this Complaint, Defendant Emil Hakim, an individual, was the President,
director and a majority shareholder of Sierra Network, Inc.  Upon information and belief, Hakim
was an adult individual residing in Los Angeles County, State of California.  At the pertinent
times mentioned in this Complaint, Defendant Ehab Atalla, an individual, was the Chief
Financial Officer, director and a majority shareholder of Sierra Network, Inc.  Upon information
and belief, Atalla was an adult individual residing in Los Angeles County, State of California.

3

8.      Defendant Al Fakher Holding Trading Tobacco and Agencies, LLC, is and was at all times mentioned herein, a limited liability company which conducted business in California. Defendant Pioneer Venture Group Ltd. is a company limited by shares with its principal place of business in Dubai, United Arab Emirates, which is a wholly owned subsidiary of Defendant Al Fakher Holding Trading Tobacco and Agencies, LLC.

9.      Defendant Al Fakher Holding USA, Inc. is a California corporation with its principal place of business at 14931 Gwenchris Court, Paramount CA 90723.  Upon information and belief, Pioneer Venture Group Ltd. was the entity which created Al Fakher Holding, USA, Inc. for the purpose of Al Fakher's acquisition of Defendant Sierra Network, Inc.

10.     The true names and capacities, whether individual, corporate, associational or otherwise of DOES 1 through 250, inclusive, are unknown to Plaintiff David Hanna at this time, who, therefore sues said Defendants by such fictitious names, and when their true names and/or capacities are ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly.  Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein, including DOES 1 through 250, is responsible in some manner and liable herein by reason of negligence, breaches, misrepresentations, omissions to act and other actionable conduct, and that such conduct was a substantial factor in causing the injuries and damages to Plaintiff as hereinafter alleged.

**IV.**
**GENERAL ALLEGATIONS**

11.     Al Fakher is one of the most well-known leading tobacco companies in the world, offering a broad range of top-tier quality shisha tobaccos, hookah tobaccos and non-tobacco molasses around the globe.  Al Fakher's product notoriety and market strength are a result of targeted business efforts to expand the company and dominate the sales and distribution markets.

12.     The Jordanian public shareholding company Al-Eqbal Investment Co. is at the top

4

of Al Fakher's corporate chain with a myriad of subsidiaries under its umbrella, including operations companies, manufacturing companies and investment companies.

13.     In 2017, Sierra Network, Inc. ("Sierra Network") was the only authorized distributor of Al Fakher's product in the United States. The companies entered into an exclusive distribution agreement where Sierra Network imported the products wholesale from Al Fakher and then supplied the products to businesses across the United States.

14.     Sierra Network, Inc. was incorporated in the State of California in 2004 by Emil Hakim and Ehab Atalla ("Director Defendants") as the sole members of the company. According to the Certificate of Amendment of Articles of Incorporation on file with the California Secretary of State, Sierra Network has only one class of common stock with 1000 shares in total.

15.     Pursuant to a Shareholder's Agreement dated October 16, 2009, Plaintiff David Hanna purchased 125 shares of Sierra Network stock in exchange for cash and services. In total, Sierra Network had four shareholders. The entirety of Sierra Network's stock was distributed among the shareholders as follows:

| Shareholder | Number of Shares | Ownership Percentage |
|---|---|---|
| Emil Hakim | 375 Shares | 37.5% |
| Ehab Atalla | 375 Shares | 37.5% |
| David Hanna | 125 Shares | 12.5% |
| Sherif Atalla | 125 Shares | 12.5% |

16.     At all relevant times, Emil Hakim was the President and CEO of Sierra Network and Ehab Atalla was Chief Financial Officer.  Upon information and belief, Emil Hakim and Ehab Atalla were the sole directors, officers, and majority shareholders of Sierra Network. Sherif Atalla and Plaintiff David Hanna were minority shareholders.

17.    Al Eqbal Investment Co. released a memo on July 28, 2017 concerning Al Fakher's plan to gain majority control over its distribution markets.   Upon information and belief, according to this memo and also according to Al Eqbal Investment Co.'s December 31st 2017 Financial Statement and Audit Report, on July 26, 2017 the company (through its subsidiary, Defendant Al Fakher Holding for Tobacco Trading and Agencies, LLC, herein "Al Fakher Holding TTA") purchased the rights to distribute its own product from many of the distribution companies it utilized in 53 countries for a total price of $187.5 Million U.S. Dollars.

18.    Additionally, the July 28, 2017 memo stated that subsidiary Al Fakher Holding TTA was in the process of finalizing negotiations for the acquisition of a distribution company responsible for 10% of Al Fakher's total distribution activity for an anticipated buyout price of $55 Million U.S. Dollars.

19.    Al Eqbal Investment Co.'s December 31st, 2017 Financial Statement and Audit Report showed *only one more acquisition of a distribution company* in the year of 2017 besides the July 26, 2017 distribution rights acquisition: Sierra Network, Inc.

20.    Plaintiff is informed and believes, and upon such belief alleges that at least as of the time of Al Eqbal Investment Co.'s July 28, 2017 memo, majority shareholders and directors of Sierra Network Defendant Emil Hakim and Defendant Ehab Atalla had been engaging in negotiations with Defendant Al Fakher Holding TTA for the sale of Sierra Network.

21.    Director Defendants informed Plaintiff of their intent to sell the company to Al Fakher and expressed their desire to redeem all of Plaintiff's shares in Sierra Network prior to the sale.  Plaintiff agreed.

22.    On August 1, 2017, in contemplation and anticipation of Sierra Network's potential sale, Director Defendants presented to Plaintiff a Shareholder Agreement Addendum which changed the way Sierra Network's stock value would be calculated.  According to the

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Addendum, the value of Plaintiff's shares:

> "will be equal to the book value of the Assets less all Liabilities, *and not including any goodwill, fair market value, or business value in the Company, or any other compensation (which solely belongs fifty-percent (50%) to Emil Hakim and fifty-percent (50%) to Ehab Atalla)*... which is the Closing Net Book Value of the Company on August 1, 2017."

23.     The August 1, 2017 Addendum also changed the boundaries of the release language. The release clause in the previous Shareholder Agreement clause stated:

> "In the event of the Company's Liquidation, each Party hereby releases one another and the Company from all known and unknown claims related to the operations of the Company, the Share's Holder Agreement (sic), and the Sell and Buy Agreement, exclusive of any obligations arising under the terms of this Agreement."

However, the August 1, 2017 release required:

> "David Hanna and Sherif Atalla hereby release Emil Hakim, Ehab Atalla and the Company from all known and unknown claims related to the operations of the Company, *the Liquidations, and all valuation of their respective shares in the Company*, exclusive of any obligations arising under the terms of this Addendum."

24.     According to the Closing Statement attached as Exhibit A to the Addendum, as of August 1, 2017 Sierra Network, Inc. was valued to be worth $12,693,151.03 U.S. Dollars. According to this valuation provided to Plaintiff, the fair value of Plaintiff's common stock was equal to 12.5% of this number—$2,108,553.34 U.S. Dollars.

25.     Upon information and belief, Plaintiff believes and hereby alleges that Director Defendants knew the companies were negotiating around a significantly higher sale price than the $12.7 Million Dollar valuation they provided to Plaintiff (around the $55 Million Dollar price tag mentioned in Al Eqbal's July 28, 2017 memo).

26.     Director Defendants breached their fiduciary obligations by engaging in gross dishonesty and fraud by purposely concealing the actual value of Sierra Network in order to mislead Plaintiff and to induce Plaintiff into selling his stock to Director Defendants at a bargain

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

price.  Director Defendants took advantage of their secret knowledge that, at the time Plaintiff sold his stock, they were *certain* Sierra Network would be sold to Al Fakher at a significantly higher price.

27.     Upon information and belief, Director Defendants continued to negotiate a much higher sale price than the valuation they told Plaintiff, and simultaneously continued to deceive Plaintiff into entering into additional contractual agreements that Plaintiff had no way of knowing were drafted to protect Director Defendants' anticipated windfall.

28.     On August 31, 2017, Director Defendants presented Plaintiff with a Shareholder Confirmation Agreement ("Shareholder Confirmation").    According to the Shareholder Confirmation, Plaintiff was to receive $2,108,553.34 in exchange for all of his stock in Sierra Network, *"which the Parties acknowledge and agree is the value of Hanna's 12.5% equity interest in Sierraas* (sic)."

29.     The Shareholder Confirmation expanded the release language once again.  Upon information and belief, Director Defendants improperly utilized the release clause to induce Plaintiff into unknowingly waiving his right to seek any remedy from Director Defendants' willful, intentional and calculated misconduct.  The release paragraph stated:

> Hanna hereby releases Al-Eqbal Investment Co., (PLC) a Jordanian company, and all "Al Fakher" entities, including, but not limited to Al Fakher Tobacco Factory F.Z.E., Al Fakher International Co., and Al Faker Tobacco and Trading Co., from all known and unknown, past, preset, or future claims related to the operations of Sierra, and Hanna's employment by or position at Sierra, exclusive of any obligations arising under the terms of this Confirmation. Additionally, Hanna further releases Sierra, Emil Hakim, and Ehab Atalla from all known and unknown past, present and future claims related to the operations of Sierra Network, Inc., and Hanna's employment by or position at Sierra Network, Inc., exclusive of any obligation arising under the terms of this Confirmation.

30.     On September 24, 2017, Al Fakher Holding TTA's subsidiary Pioneer Venture Group, Co. created "Al Fakher Holding, USA, Inc." in the State of California for the purpose of

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

acquiring Sierra Network.

31.     On October 23, 2017, Director Defendants asked Plaintiff to execute a "Form of Acknowledgement and Release" in favor of Al Fakher Holding, USA, Inc. and Sierra Network. The deceitful release language expanded again to prohibit any and all claims that Plaintiff:

"may now own or hold, or have at any time prior to the date hereof may have owned or held, or may at any time own or hold *by reason of any matter or thing arising from any cause or event whatsoever* that occurred on or prior to the date hereof, *including but not limited to those related to, or arising from, Hanna's ownership of the Shares or sale of the Shares* prior to the consummation of the transaction with Buyer [Al Fakher Holding, USA, Inc]."

32.     The Agreement also included the following clause:

*"Hanna assumes all risk of mistake.   If Hanna should subsequently discover that any fact relied upon by him in entering into this Agreement was not true or that any fact was not known or that his understanding of the facts or the law was incorrect, such party shall not be entitled to any relief in connection herewith.   Notwithstanding the generality of the foregoing, no party shall have any right or claim to set aside or rescind this Agreement."*

33.     This contract language, which is voidable by public policy, was slightly expanded in a November 10, 2017 "Acknowledgement of Release" entered into by Plaintiff, Sierra Network, Emil Hakim and Ehab Atalla.  The Acknowledgement of Release required Plaintiff to:

"fully and forever release, acquit and discharge Sierra, Al Fakher Holdings USA, Inc., Hakim, Atalla, and each of their affiliates... from any liabilities... *of any form whatsoever, of whatever kind or nature in law, equity or otherwise...* including but not limited to *those related to, or arising from, Hanna's ownership of the Shares or sale of the Shares prior to the consummation of Sierra, Hakim and/or Atalla's transaction with Al Fakher Holding USA, Inc.*"

34.     Upon information and belief, Plaintiff believes and alleges that Director Defendants knew of the true position of the company yet purposely misled Plaintiff about its potential purchase price and valuation in order to improperly redeem Plaintiff's shares at a false low price immediately prior to a much more valuable sale of the company.

35.     Throughout Director Defendants' negotiations with Al Fakher on the one hand

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  and redemption transaction with Plaintiff on the other hand, Director Defendants repeatedly

2  misrepresented to Plaintiff that Sierra Network's valuation was only $12.7 Million U.S. Dollars.

3          36.     On December 4, 2017, three months after Plaintiff sold his 12.5% equity interest

4
   for $2.1 Million U.S. Dollars, Al Fakher Holdings USA, Inc. acquired Sierra Network from the
5
   only remaining shareholders, Emil Hakim and Ehab Atalla, for a purchase price of $38.6 Million
6

7  U.S. Dollars.

8          37.     In ignorance of the falsity of Director Defendants' misleading statements and

9  their failure to disclose material facts, Plaintiff relied thereon to his detriment in selling his

10 shares of Sierra Network stock at a price which was not fair.

11         38.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has

12
   been damaged in an amount in excess of the jurisdictional requirements of this Court, to be
13
   established in accordance with the proof at trial.
14

15                **FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**
                       *(Against Director Defendants and DOES 1-250, inclusive)*
16
           39.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1
17

18 through 38, above.

19         40.     As directors, officers, and majority shareholders of Sierra Network, Inc.,

20 Defendants Emil Hakim and Ehab Atalla ("Director Defendants") owed a fiduciary duty to

21 Plaintiff as a minority shareholder of the company and thus were required to refrain from

22
   abusing their positions of directors, officers, and majority shareholders in a manner that favors
23
   Director Defendants' personal interests at the expense of Plaintiff.  Director Defendants have a
24

25 duty to refrain from activity orchestrated to benefit themselves at the expense of the Plaintiff.

26         41.     Director Defendants, in performing and omitting to perform the acts hereinabove

27 alleged, had a confidential and fiduciary relationship whereby Director Defendants undertook

28 actions for the benefit of Plaintiff, including but not limited to, the obligation to render a full and

                                              10

fair disclosure to Plaintiff of all the facts that materially affects the rights and interests of a fellow shareholder such as Plaintiff.

42.     Director Defendants owed Plaintiff the highest duties of loyalty, honesty, fidelity, trust, candor, disclosure and due care in their fiduciary obligations, as follows:

i)      To act faithfully towards Plaintiff and his interests;

ii)     To faithfully disclose all potential and existing conflicts of interest; —

iii)    To faithfully and diligently keep Plaintiff informed of all material developments that affected his interests; and

iv)     To refrain from intentional dishonesty.

43.     As set forth above, Director Defendants breached their obligations and fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision, by:

i)      Materially misleading Plaintiff about the fair value of Sierra Network, Inc. in the upcoming sale;

ii)     Redeeming Plaintiff's shares at an unfairly low value;

iii)    Redeeming Plaintiff's shares without disclosing the fair value of Sierra Network, Inc. as of the date of redemption;

iv)     Failing to disclose to Plaintiff, a minority shareholder, information affecting the value of Plaintiff's shares after Plaintiff agrees to sell the shares but before the sale took place;

v)      Redeeming Plaintiff's shares without disclosing their inherent conflict of interest arising from their capacities as officers, directors, majority shareholders, and insiders;

vi)     Failing to disclose appraisals of share value and profit projection to Plaintiff in connection with the sale of Sierra Network, Inc.;

vii)    Seeking multiple releases from liability without first providing a full and fair statement of the nature and effects of their acts;

viii)   Engaging in intentional dishonesty and fraud by disseminating false information and making misleading omissions; and

ix)   Other acts and omissions which may be discovered during the course of our investigation.

44.   In failing to disclose material facts and committing the breaches of fiduciary duties and obligations as set forth herein, Director Defendants acted intentionally, willfully, maliciously, oppressively, fraudulently, and/or in conscious disregard of the rights and interests of Plaintiff.

45.   As a direct and proximate result of Director Defendants' breach of their fiduciary duties, Plaintiff has suffered economic and non-economic losses in an amount according to proof.

### SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(Against Director Defendants and DOES 1-250, inclusive)*

46.   Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 45, above.

47.   As discussed above, on various dates between November 1, 2007 and November 10, 2017, Plaintiff entered into oral and written contracts with Emil Hakim, Ehab Atalla and/or Sierra Network, Inc.  The written contracts were binding on the parties' heirs, successors, and assigns. Sierra Network, Inc. was purchased by Fakher Holding, USA, Inc. which owns 100% of Sierra Network's stock.

48.   The written contracts between Plaintiff and Defendants contained an implied covenant of good faith and fair dealing that obligated Defendants to perform their duties and obligations competently, professionally, and with due diligence and to refrain from doing any act which would prevent or impede Plaintiff from obtaining the benefit of his bargain.

49.     As a direct and proximate result of Defendants' breaches of the covenant, Plaintiff has incurred special, general, and consequential damages in amount to be established at trial in accordance with the proof.

### THIRD CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF *CALIFORNIA BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.*
#### *(Against All Defendants and DOES 1-250, inclusive)*

50.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 49, above.

51.     The Unfair Competition Law defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

52.     A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

53.     Defendants have violated the unfair prong of the Unfair Competition Law by systematically failing to disclose to Plaintiff material information concerning the actual value of his shares prior to redemption.  Director Defendants engaged in purposeful conduct with the intention of giving Plaintiff an unfairly low price for his shares in order to obtain a significantly higher price for them in the final sale of the company.

54.     These acts and practices are unfair because they rob minority shareholders of trust in the directors and the confidence in the belief that majority shareholders have every stockholder's best interest in mind when acting.

55.     The gravity of the harm to members of the class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications or motives of Defendants for engaging in such acts.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

56.     Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and similarly situated Class members.

57.     As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiffs and all Class members, and to enjoin Defendants from continuing to violate the Unfair Competition Law as alleged herein. Otherwise, Plaintiff may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CAUSE OF ACTION FOR VIOLATION OF *CALIFORNIA CORPORATIONS CODE § 25401*
*(Against Director Defendants and DOES 1-250, inclusive)*

58.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 57, above.

59.     Section 25401 of the *California Corporations Code* makes it unlawful for any person to buy or offer to buy a security in this state by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

60.     In connection with Director Defendant's purchase of Plaintiff's shares as described herein, Defendants knowingly or with reckless disregard for the truth made various misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which the statements were made, not misleading.

61.     Director Defendants failed to disclose all facts known to them concerning the sale of Sierra Network, Inc. and the valuation of Plaintiff's shares, which they had a fiduciary obligation to disclose to Plaintiff.

62.     The purpose and effect of Director Defendants' conduct was to cause the sale of

1  Plaintiff's shares to be made under circumstances which benefited Director Defendants but
2  caused detriment to Plaintiff.

3          63.     In ignorance of the falsity of the misleading statements and the failure of Director
4
5  Defendants to disclose material facts, Plaintiff relied thereon to his detriment in selling his shares
6  at a price which was not fair.

7          64.     As a direct result of Director Defendants' wrongful conduct, Plaintiff has suffered
8  economic and non-economic damages in an amount to be determined at trial.

9                          **FIFTH CAUSE OF ACTION FOR FRAUD**
10                     *(Against Director Defendants and DOES 1-250, inclusive)*

11         65.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1
12  through 64, above.

13         66.     Director Defendants owed a fiduciary duty of candor to Plaintiff.  By virtue of
14
15  Plaintiff having placed his trust and confidence in Director Defendants' fidelity and integrity and
16  entrusting Director Defendants to act fairly, a confidential relationship existed at all relevant
17  times between Plaintiff and Director Defendants.  As fiduciaries, Director Defendants had a duty
18  to make full disclosure to Plaintiff of all material facts in connection with the sale of his shares in
19  Sierra Network.

20         67.     Plaintiff in fact placed confidence and reliance on Director Defendants' various
21  misleading statements or material facts and/or omission of material facts in connection with
22  Plaintiff's sale of his stock to Director Defendants.

23         68.     In ignorance of the falsity of the misleading statements and the failure of Director
24
25  Defendants to disclose material facts, Plaintiff relied thereon to his detriment in signing multiple
26  sham contracts and selling his shares of company stock at a price which was unfair.

27         69.     As a result of Director Defendants' fraudulent actions, they gained an unjust
28  advantage over Plaintiff.  Upon information and belief, Director Defendants engaged in the

1  conduct alleged herein with the intent to deceive and defraud Plaintiff into believing that his

2  interests were being fully protected when in reality they were not.

3          70.     As a direct, proximate and substantial cause and result of Director Defendants'

4  fraudulent conduct, Plaintiff has suffered injuries as set forth more fully herein and according to

5  proof at trial.

6

7          71.     In failing to disclose material facts and committing the breaches of fiduciary

8  duties and obligations as set forth herein, Director Defendants acted intentionally, willfully,

9  maliciously, oppressively, fraudulently, and/or in conscious disregard of the rights and interests

10  of Plaintiff.  By reason thereof, Plaintiff is entitled to recover from Defendants punitive damages

11  and exemplary damages in an amount sufficient to punish and make an example of Defendants

12  pursuant to *California Civil Code* § 3294.

13

14          72.     As a result of Director Defendants' conduct alleged herein, Plaintiff is entitled to

15  unilateral rescission of each contract which Plaintiff entered into under mistake, fraud, duress

16  and/or undue influence exercised by or with the connivance on behalf of Director Defendants

17  pursuant to *California Civil Code* § 1689(b).  Specifically, Plaintiff is entitled to rescission of the

18  following Agreements:

19          i)      "Sierra Network, Inc. Shareholder Agreements Amendment," executed February

20  25, 2017;

21

22          ii)     "Sierra Network, Inc. Shareholder Agreements Addendum," executed August 1,

23  2017;

24          iii)    "Shareholder Confirmation," executed August 31, 2017;

25          iv)     "Form of Acknowledgement and Release," executed October 23, 2017; and

26          v)      "Acknowledgement of Release," executed November 10, 2017.

27

28  ///

## SIXTH CAUSE OF ACTION FOR VIOLATION OF RULE 10b-5 OF SECURITIES AND EXCHANGE ACT OF 1934

### (Against All Defendants and DOES 1-250, inclusive)

73.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 72, above.

74.     Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 make it unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange to engage in any act or make any untrue statement/omission of a material fact in order defraud a person in connection with the sale of any security.

75.     Upon information and belief, in connection with the purchase and sale of Plaintiff's shares in Sierra Network, Inc. as described herein, Director Defendants knowingly caused certain documents to be mailed, and assertions to be made which included various misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

76.     Director Defendants failed to disclose all facts known to them concerning their purchase of Plaintiff's shares, which disclosure they were required to perform because of their fiduciary duties owed to Plaintiff. The purpose and effect of Director Defendants' conduct was to cause Plaintiff to sell his stock at an unfair price which benefitted Director Defendants but caused detriment to Plaintiff.

77.     In ignorance of the deceptiveness of Director Defendants' conduct, Plaintiff did in fact rely thereon to his detriment in selling his shares to Director Defendants at a price far below what Director Defendants knew was the fair value.

78.     As a direct and proximate result of Director Defendants' conduct, Plaintiff has

17

1 | been damaged in an amount according to proof.

## SEVENTH CAUSE OF ACTION FOR NEGLIGENCE
### *(Against All Defendants and DOES 1-250, inclusive)*

79.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 78, above.

80.    Defendants owed Plaintiff a duty of care by virtue of their position as directors, officers, and majority shareholders of Sierra Network, Inc.

81.    Defendants breached their duty of care in multiple ways, including, but not limited to: breaching their duty of candor, breaching their duty to disclose material information, breaching their duty to act in good faith in connection with enticing Plaintiff to enter into secretly misleading contracts and in connection with the purchase and sale of Plaintiff's shares prior to the sale of the entire company.

82.    As a direct and proximate result of Defendants' breach of fiduciary duties, Plaintiff has suffered economic and non-economic losses in an amount according to proof.

## EIGHTH CAUSE OF ACTION FOR CONSPIRACY
### *(Against All Defendants and DOES 1-250, inclusive)*

83.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 82, above.

84.    Upon information and belief, Plaintiff believes and herein alleges that Al Fakher Holding Tobacco and Trading Co., along with its subsidiaries Pioneer Venture Group, Ltd. and Al Fakher Holding USA, Inc. (the "Al Fakher Defendants") were aware of and participated in Director Defendants' plan to deceive Plaintiff out of a fair compensation for Plaintiff's shares in Sierra Network, Inc. based on what Al Fakher Defendants knew or reasonably should have known was going to be the final purchase price for Sierra Network, Inc.

85.    The memo released by Al Eqbal Investment Co. on July 28, 2017 acknowledged a

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  valuation of Sierra Network, Inc. at around $55 Million U.S. Dollars. Throughout the deal

2  process, Plaintiff believes and herein alleges that Al Fakher Defendants and Director Defendants

3  conspired together to cause Plaintiff to execute amendments to the Shareholder Agreements

4  which would release Al Fakher Defendants from liability for the deceitful actions alleged herein

5  without Plaintiff having any reason to know the true nature of and reason for the amendments.

6

7      86.    Plaintiff alleges that Al Fakher Defendants agreed with Director Defendants and

8  so intended the wrongful acts against Plaintiff alleged herein to be committed. Plaintiff further

9  alleges that due to the relationship between the Director Defendants and Al Fakher Defendants,

10  the sale was not an arms-length transaction. Thus, based on the circumstances of the transaction,

11  the nature of the acts done, the relationship between the defendants and the interests of the co-

12  conspirators, Plaintiff believes defendants conspired to cause Plaintiff's rightful earnings to be

13  redirected to Director Defendants. In a further attempt to conceal the proper valuation of the

14  company, Plaintiff believes and herein alleges that Al Fakher Defendants falsely labeled the

15  additional amounts paid as "goodwill," after Director Defendants had Plaintiff agree in a

16  contractual amendment that he would not partake in.

17

18      87.    As a direct and proximate result of Defendants' breach of fiduciary duties,

19  Plaintiff has suffered economic and non-economic losses in an amount according to proof.

20  ## NINTH CAUSE OF ACTION FOR COMMON COUNTS
21  *(Against Director Defendants and DOES 1-250, inclusive)*

22      88.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

23  through 87, above.

24

25      89.    Plaintiff alleges that Director Defendants received money that rightfully belonged

26  to Plaintiff.

27      90.    Due to Director Defendants' dishonesty toward Plaintiff, Director Defendants

28  received Plaintiff's money and retained it. The money was never used for the benefit of Plaintiff.

1    91.    Director Defendants still have not given Plaintiff the money he is owed.  Instead,

2    Director Defendants attempted to shield themselves from paying what equity requires by

3    entering into deceitful contracts with Plaintiff.  In equity and good conscious, the funds that

4    Director Defendants received for Plaintiff's 12.5% equity in Sierra Network, above and beyond

5    the funds already provided to Plaintiff, should be given to Plaintiff.

6

7    **TENTH CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD**
     *(Against Director Defendants and DOES 1-250, inclusive)*

8    92.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

9    through 91, above.
10

11   93.    Director Defendants were directors of Sierra Network, Inc. and therefore owed a

12   fiduciary duty to Plaintiff to provide complete and accurate information in connection with the

13   sale of his shares.

14   94.    Director Defendants breached this duty by failing to provide Plaintiff with

15   complete and accurate information.  Rather, the information Director Defendants gave to

16   Plaintiff regarding the fair value of his shares was inaccurate and/or incomplete, which Director

17   Defendants knew or should have known was incorrect.
18

19   95.    Plaintiff reasonably relied on the information provided to him by Director

20   Defendants.  Thus, Director Defendants' failure to disclose information misled Plaintiff to his

21   detriment.

22   96.    Had Director Defendants disclosed complete and accurate information, Plaintiff

23   reasonably would have behaved differently.  As a direct result of Director Defendants' conduct,

24   Plaintiff suffered economic and non-economic harm.
25

26   / / /

27   / / /

28   / / /

### ELEVENTH CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION
*(Against Director Defendants and DOES 1-250, inclusive)*

97.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 96, above.

98.    At the time Director Defendants made false misrepresentations to Plaintiff concerning the valuation of his shares, Director Defendants knew that the shares were worth a much higher value based on their negotiations with Al Fakher.

99.    However, in an effort to unfairly usurp the profits owed to Plaintiff, Director Defendants made such false representations to Plaintiff with the express intent of deceiving him and inducing his reliance upon the statements and low valuation of Sierra Network.

100.    Plaintiff justifiably relied on Director Defendants' intentional misrepresentations, which caused him economic and non-economic injury.

### TWELFTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION
*(Against Director Defendants and DOES 1-250, inclusive)*

101.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 100, above.

102.    Director Defendants represented to Plaintiff that his shares were worth only around $2 Million U.S. Dollars. This representation was, in fact, not true. Director Defendants had no reasonable grounds for believing this representation was true when they continuously made it to Plaintiff.

103.    Director Defendants made said misrepresentations to Plaintiff with the intention that he rely on them. Plaintiff did, in fact, reasonably rely on Director Defendants' misrepresentations.

104.    As a direct and proximate result of Plaintiff's reliance on Director Defendants' representations, Plaintiff suffered harm.

21

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## THIRTEENTH CAUSE OF ACTION FOR RESCISSION OF CONTRACTS
### (Against Director Defendants and DOES 1-250, inclusive)

105.   Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 104, above.

106.   At the time Plaintiff entered into the Amendments to Shareholder Agreements, he had no reason to know of Director Defendants' fraudulent intent to deceive and harm Plaintiff. In actuality, through a series of contractual agreements and amendments to agreements, Director Defendants were, in essence, attempting to build a protective shield around the profits they knew they would receive which rightfully belonged to Plaintiff.

107.   Based on the knowledge and information that Plaintiff now knows, which he had no reasonably way of knowing of at the time of contracting, the contracts were executed under fraud, mistake of fact, and contained unconscionable terms.

108.   Equity and justice require rescission of each contract and amendment in order to allow Plaintiff an avenue to seek a fair remedy for defendants' transgressions against him. Had Director Defendants fulfilled their fiduciary duties and disclosed all material facts known to them at the time of entering into the contracts with Plaintiff, Plaintiff would have likely acted differently and not entered into the agreements.

109.   Due to defendants' conduct, justice and fairness require the contracts to be rescinded. The language in the contracts concerning releasing defendants from liability is unconscionable. The language in the contracts concerning the proper and fair valuation of Plaintiff's shares in the company is unconscionable. The language in the contracts stating that Plaintiff has no right to profits the company receives under the guise of "goodwill" is a sham and unconscionable.

110.   As a direct and proximate result of Director Defendants' extensive misdeeds, Plaintiff has suffered economic and non-economic losses which require rescission of the

contracts.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them, as to all causes of action, as follows:

1.     Plaintiff demands a jury trial as to the issues so triable;

2.     Special damages according to proof;

3.     General damages according to proof;

4.     Rescission of contracts;

5.     Restitution and disgorgement of all benefits and other undue compensation obtained by Defendants at the expense of Plaintiff;

6.     Attorneys' fees and costs pursuant to *California Civil Code* § 1717;

7.     Declaratory and punitive damages;

8.     Equitable and/or injunctive relief as permitted by law and equity including restitution, attaching, impounding, imposing a constructive trust on, or otherwise restricting Defendants' assets so as to ensure that Plaintiff recover any judgments obtained against the Defendants for their misdeeds; and

9.     Such further relief as the Court deems just and proper.

Dated: November 28, 2018

IVIE, McNEILL & WYATT

By: _____

RODNEY S. DIGGS, ESQ.
CHAENA B. DADE, ESQ.
Attorneys for Plaintiffs,
**DAVID HANNA**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff DAVID HANNA hereby demands a jury trial on all causes of action in the above-referenced matter.

Dated: November 28, 2018

IVIE, McNEILL & WYATT

By: _____

RODNEY S. DIGGS, ESQ.
CHAENA B. DADE, ESQ.
Attorneys for Plaintiffs,
**DAVID HANNA**

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/29/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Patrice Offord _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV06896 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michelle Williams Court | 74 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    **Sherri R. Carter, Executive Officer / Clerk of Court**

on <u>12/03/2018</u>                                              By <u>Patrice Offord</u>                              , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | | | CASE NUMBER: |
|---|---|---|---|---|
| | | | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
            **STIPULATION – DISCOVERY RESOLUTION**
            Page 2 of 3

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):  
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>11/29/2018<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Patrice Offord _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>18STCV06896 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Michelle Williams  Court | 74 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on  12/03/2018
  (Date)

By Patrice Offord_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT — UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):   FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER. |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                           (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Copy

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* r number, and address): | FOR COURT USE ONLY |
|---|---|
| Rodney S. Diggs, Esq. (SBN 274459)    SBN: <br> IVIE MCNEILL & WYATT <br> 444 S. Flower Street, Suite 1800, LOS ANGELES, CA 90071 <br> TELEPHONE NO.:213-489-0028    FAX NO.:213-489-0552 <br> ATTORNEY FOR *(Name):* Plaintiff David Hanna | CONFORMED COPY <br> ORIGINAL FILED <br> Superior Court of California <br> County of Los Angeles <br><br> NOV 29 2018 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By      Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: David Hanna v. Sierra Network, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 18STCV06856 |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) | **(Cal. Rules of Court, rules 3.400–3.403)** <br> [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** <br> **Damage/Wrongful Death) Tort** | [ ] Other collections (09) <br> [ ] Insurance coverage (18) | [ ] Construction defect (10) <br> [ ] Mass tort (40) |
| [ ] Asbestos (04) <br> [ ] Product liability (24) | [X] Other contract (37) <br> **Real Property** | [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse <br> condemnation (14) | [ ] Insurance coverage claims arising from the <br> above listed provisionally complex case <br> types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) <br> [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) <br> [ ] Fraud (16) | [ ] Commercial (31) <br> [ ] Residential (32) | **Miscellaneous Civil Complaint** <br> [ ] RICO (27) |
| [ ] Intellectual property (19) <br> [ ] Professional negligence (25) | [ ] Drugs (38) <br> **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) | **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) |
| **Employment** <br> [ ] Wrongful termination (36) | [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses

   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court

   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):* Thirteen (13)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 28, 2018

Rodney S. Diggs, Esq. (SBN 274459)
(TYPE OR PRINT NAME)            ►        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* <br> Westlaw Doc & Form Builder |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Copy

| SHORT TITLE: Hanna v Sierra Network, Inc., et al | CASE NUMBER 18STCV06806 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death — Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hanna v Sierra Network, Inc., et al | | | CASE NUMBER 18STCV06856 |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☒ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

SHORT TITLE: Hanna v Sierra Network, Inc., et al

CASE NUMBER: **18STCV06896**

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Hanna v Sierra Network, Inc., et al | CASE NUMBER 18STCV06896 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS:<br>14931 Gwenchris Court |
|---|---|
| CITY:<br>Paramount | STATE:<br>CA | ZIP CODE:<br>90723 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __November 28, 2018__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

1  **RODNEY S. DIGGS, ESQ.** (SBN 274459)
2  rdiggs@imwlaw.com
   **CHAENA B. DADE, ESQ.** (SBN 310365)
3  cdade@imwlaw.com
   **IVIE, McNEILL & WYATT**
4  444 S. Flower Street, Suite 1800
   Los Angeles, California 90071
5  Tel.   (213) 489-0028
   Fax    (213) 489-0552
6
   Attorneys for Plaintiff,
7  **David Hanna, an individual**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 29 2018

Sherri R. Carter, Executive Officer/Clerk
By                    Deputy

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  DAVID HANNA, an individual          Case No. **18STCV06896**

12                                       **COMPLAINT FOR DAMAGES AND
                                          DEMAND FOR JURY TRIAL**
13
                    Plaintiff,
14  vs.                                  **CAUSES OF ACTION FOR:**

15                                       1.  **BREACH OF FIDUCIARY DUTY**
                                         2.  **BREACH OF THE COVENANT OF
16  SIERRA NETWORK, INC., a corporation;     GOOD FAITH AND FAIR DEALING**
    AL FAKHER HOLDING TOBACCO         3.  **UNFAIR AND DECEPTIVE
17  AND TRADING CO., a business of          BUSINESS PRACTICES IN
    unknown form; AL FAKHER HOLDING        VIOLATION OF *CALIFORNIA
18  USA, INC., a California corporation;     BUSINESS AND PROFESSIONS
    PIONEER VENTURE GROUP, LTD., a          CODE* SECTION 17200, *et seq.***
19  company limited by shares; EMIL     4.  **VIOLATION OF *CALIFORNIA
    HAKIM, an individual; EHAB ATALLA,      CORPORATIONS CODE* § 25401**
20  an individual; and DOES 1-250, inclusive 5.  **FRAUD**
                                         6.  **VIOLATION OF RULE 10b-5 OF
21                                           *SECURITIES AND EXCHANGE ACT
               Defendants.                   OF 1934***
22                                       7.  **NEGLIGENCE**
                                         8.  **CONSPIRACY**
23                                       9.  **COMMON COUNTS**
                                         10. **CONSTRUCTIONAL FRAUD**
24                                       11. **INTENTIONAL
25                                           MISREPRESENTATION**
                                         12. **NEGLIGENT
26                                           MISREPRESENTATION; and**
                                         13. **RESCISSION OF CONTRACTS**
27

28

                                    1

Copy

# I.
## INTRODUCTION

This Complaint for damages and declaratory relief by Plaintiff **DAVID HANNA** (hereinafter "Plaintiff" or "Hanna") against Defendants **SIERRA NETWORK, INC.**, a California corporation; **EMIL HAKIM**, an individual; **EHAB ATALLA**, an individual; **AL FAKHER HOLDING TOBACCO TRADING AND AGENCIES, LLC.**, a Jordanian limited liability company; **PIONEER VENTURE GROUP, LTD.**, a United Arab Emirates company limited by shares; **AL FAKHER HOLDING USA, INC.**, a California corporation; and **DOES 1-250**, arises out of the August 2017 redemption of Plaintiff's shares in the company at an unfairly low value and under duplicitous circumstances. Plaintiff, upon information and belief and the investigation of his counsel of record, Ivie, McNeill & Wyatt, APLC, hereby alleges as follows:

# II.
## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims that arise under the laws of the United States, namely, 17 C.F.R. §240.10b-5. The Court has supplemental jurisdiction over Plaintiff's state law claims because the claims are so related to Plaintiff's federal-question claim that they form the same case and/or controversy.

2.      The Court also has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(2) because Defendant Al Fakher Holding Tobacco Trading and Agencies, LLC; Pioneer Venture Group, Ltd. are citizens of foreign states and more than $75,000.00 is in controversy.

3.      The Court has specific personal jurisdiction over the parties because each has

sufficient contacts with the State of California and has committed tortious acts in the County of Los Angeles in California or directed to California. Additionally, the damage suffered by Plaintiff occurred in California.

4. This Court also has specific personal jurisdiction over Plaintiff, Sierra Network, Inc., Emil Hakim and Ehab Atalla because the parties expressly consented to the exclusive jurisdiction of the courts of the State of California. On February 25, 2017, Plaintiff entered into an agreement with Emil Hakim and Ehab Atalla wherein the parties consented to the exclusive jurisdiction of the Superior court of California for the County of Los Angeles to enforce the laws of the United States and State of California for any dispute involving the agreement. On August 31, 2017, Plaintiff and Sierra Network, Inc. entered into a "Shareholder Confirmation" agreement wherein the parties agreed that the Agreement would be governed by and construed and enforced in accordance with the laws of the State of California.

5. Accordingly, this Court is the proper venue for this action.

### III.
### PARTIES

6. Plaintiff David Hanna is an adult individual residing in Los Angeles County, State of California.

7. Defendant Sierra Network, Inc., is a California corporation, with its principal place of business at 14931 Gwenchris Court, Paramount, California 90723. At the pertinent times mentioned in this Complaint, Defendant Emil Hakim, an individual, was the President, director and a majority shareholder of Sierra Network, Inc. Upon information and belief, Hakim was an adult individual residing in Los Angeles County, State of California. At the pertinent times mentioned in this Complaint, Defendant Ehab Atalla, an individual, was the Chief Financial Officer, director and a majority shareholder of Sierra Network, Inc. Upon information and belief, Atalla was an adult individual residing in Los Angeles County, State of California.

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8.     Defendant Al Fakher Holding Trading Tobacco and Agencies, LLC, is and was at all times mentioned herein, a limited liability company which conducted business in California. Defendant Pioneer Venture Group Ltd. is a company limited by shares with its principal place of business in Dubai, United Arab Emirates, which is a wholly owned subsidiary of Defendant Al Fakher Holding Trading Tobacco and Agencies, LLC.

9.     Defendant Al Fakher Holding USA, Inc. is a California corporation with its principal place of business at 14931 Gwenchris Court, Paramount CA 90723.  Upon information and belief, Pioneer Venture Group Ltd. was the entity which created Al Fakher Holding, USA, Inc. for the purpose of Al Fakher's acquisition of Defendant Sierra Network, Inc.

10.    The true names and capacities, whether individual, corporate, associational or otherwise of DOES 1 through 250, inclusive, are unknown to Plaintiff David Hanna at this time, who, therefore sues said Defendants by such fictitious names, and when their true names and/or capacities are ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly.  Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein, including DOES 1 through 250, is responsible in some manner and liable herein by reason of negligence, breaches, misrepresentations, omissions to act and other actionable conduct, and that such conduct was a substantial factor in causing the injuries and damages to Plaintiff as hereinafter alleged.

## IV.
## GENERAL ALLEGATIONS

11.    Al Fakher is one of the most well-known leading tobacco companies in the world, offering a broad range of top-tier quality shisha tobaccos, hookah tobaccos and non-tobacco molasses around the globe.  Al Fakher's product notoriety and market strength are a result of targeted business efforts to expand the company and dominate the sales and distribution markets.

12.    The Jordanian public shareholding company Al-Eqbal Investment Co. is at the top

4

of Al Fakher's corporate chain with a myriad of subsidiaries under its umbrella, including operations companies, manufacturing companies and investment companies.

13.     In 2017, Sierra Network, Inc. ("Sierra Network") was the only authorized distributor of Al Fakher's product in the United States. The companies entered into an exclusive distribution agreement where Sierra Network imported the products wholesale from Al Fakher and then supplied the products to businesses across the United States.

14.     Sierra Network, Inc. was incorporated in the State of California in 2004 by Emil Hakim and Ehab Atalla ("Director Defendants") as the sole members of the company. According to the Certificate of Amendment of Articles of Incorporation on file with the California Secretary of State, Sierra Network has only one class of common stock with 1000 shares in total.

15.     Pursuant to a Shareholder's Agreement dated October 16, 2009, Plaintiff David Hanna purchased 125 shares of Sierra Network stock in exchange for cash and services. In total, Sierra Network had four shareholders. The entirety of Sierra Network's stock was distributed among the shareholders as follows:

| Shareholder | Number of Shares | Ownership Percentage |
|---|---|---|
| Emil Hakim | 375 Shares | 37.5% |
| Ehab Atalla | 375 Shares | 37.5% |
| David Hanna | 125 Shares | 12.5% |
| Sherif Atalla | 125 Shares | 12.5% |

16.     At all relevant times, Emil Hakim was the President and CEO of Sierra Network and Ehab Atalla was Chief Financial Officer.  Upon information and belief, Emil Hakim and Ehab Atalla were the sole directors, officers, and majority shareholders of Sierra Network. Sherif Atalla and Plaintiff David Hanna were minority shareholders.

17.     Al Eqbal Investment Co. released a memo on July 28, 2017 concerning Al Fakher's plan to gain majority control over its distribution markets.  Upon information and belief, according to this memo and also according to Al Eqbal Investment Co.'s December 31st 2017 Financial Statement and Audit Report, on July 26, 2017 the company (through its subsidiary, Defendant Al Fakher Holding for Tobacco Trading and Agencies, LLC, herein "Al Fakher Holding TTA") purchased the rights to distribute its own product from many of the distribution companies it utilized in 53 countries for a total price of $187.5 Million U.S. Dollars.

18.     Additionally, the July 28, 2017 memo stated that subsidiary Al Fakher Holding TTA was in the process of finalizing negotiations for the acquisition of a distribution company responsible for 10% of Al Fakher's total distribution activity for an anticipated buyout price of $55 Million U.S. Dollars.

19.     Al Eqbal Investment Co.'s December 31st, 2017 Financial Statement and Audit Report showed *only one more acquisition of a distribution company* in the year of 2017 besides the July 26, 2017 distribution rights acquisition: Sierra Network, Inc.

20.     Plaintiff is informed and believes, and upon such belief alleges that at least as of the time of Al Eqbal Investment Co.'s July 28, 2017 memo, majority shareholders and directors of Sierra Network Defendant Emil Hakim and Defendant Ehab Atalla had been engaging in negotiations with Defendant Al Fakher Holding TTA for the sale of Sierra Network.

21.     Director Defendants informed Plaintiff of their intent to sell the company to Al Fakher and expressed their desire to redeem all of Plaintiff's shares in Sierra Network prior to the sale.  Plaintiff agreed.

22.     On August 1, 2017, in contemplation and anticipation of Sierra Network's potential sale, Director Defendants presented to Plaintiff a Shareholder Agreement Addendum which changed the way Sierra Network's stock value would be calculated.  According to the

1  Addendum, the value of Plaintiff's shares:

2      "will be equal to the book value of the Assets less all Liabilities, *and not*
3  *including any goodwill, fair market value, or business value in the Company, or*
   *any other compensation (which solely belongs fifty-percent (50%) to Emil Hakim*
4  *and fifty-percent (50%) to Ehab Atalla)...* which is the Closing Net Book Value of
5  the Company on August 1, 2017."

6      23.    The August 1, 2017 Addendum also changed the boundaries of the release
7  language.  The release clause in the previous Shareholder Agreement clause stated:

8      "In the event of the Company's Liquidation, each Party hereby releases one
9  another and the Company from all known and unknown claims related to the
10 operations of the Company, the Share's Holder Agreement (sic), and the Sell and
   Buy Agreement, exclusive of any obligations arising under the terms of this
11 Agreement."

12     However, the August 1, 2017 release required:
13     "David Hanna and Sherif Atalla hereby release Emil Hakim, Ehab Atalla
   and the Company from all known and unknown claims related to the operations of
14 the Company, *the Liquidations, and all valuation of their respective shares in the*
15 *Company*, exclusive of any obligations arising under the terms of this Addendum."

16     24.    According to the Closing Statement attached as Exhibit A to the Addendum, as of
17 August 1, 2017 Sierra Network, Inc. was valued to be worth $12,693,151.03 U.S. Dollars.
18 According to this valuation provided to Plaintiff, the fair value of Plaintiff's common stock was
19 equal to 12.5% of this number—$2,108,553.34 U.S. Dollars.
20
       25.    Upon information and belief, Plaintiff believes and hereby alleges that Director
21
22 Defendants knew the companies were negotiating around a significantly higher sale price than
23 the $12.7 Million Dollar valuation they provided to Plaintiff (around the $55 Million Dollar price
24 tag mentioned in Al Eqbal's July 28, 2017 memo).

25     26.    Director Defendants breached their fiduciary obligations by engaging in gross
26 dishonesty and fraud by purposely concealing the actual value of Sierra Network in order to
27 mislead Plaintiff and to induce Plaintiff into selling his stock to Director Defendants at a bargain
28

1   price.  Director Defendants took advantage of their secret knowledge that, at the time Plaintiff

2   sold his stock, they were *certain* Sierra Network would be sold to Al Fakher at a significantly

3   higher price.

4       27.     Upon information and belief, Director Defendants continued to negotiate a much

5   higher sale price than the valuation they told Plaintiff, and simultaneously continued to deceive

6   Plaintiff into entering into additional contractual agreements that Plaintiff had no way of

7   

8   knowing were drafted to protect Director Defendants' anticipated windfall.

9       28.     On August 31, 2017, Director Defendants presented Plaintiff with a Shareholder

10  Confirmation Agreement ("Shareholder Confirmation").     According to the Shareholder

11  Confirmation, Plaintiff was to receive $2,108,553.34 in exchange for all of his stock in Sierra

12  Network, *"which the Parties acknowledge and agree is the value of Hanna's 12.5% equity*

13  *interest in Sierraas* (sic)."

14  

15      29.     The Shareholder Confirmation expanded the release language once again.  Upon

16  information and belief, Director Defendants improperly utilized the release clause to induce

17  Plaintiff into unknowingly waiving his right to seek any remedy from Director Defendants'

18  willful, intentional and calculated misconduct.  The release paragraph stated:

19      Hanna hereby releases Al-Eqbal Investment Co., (PLC) a Jordanian

20  company, and all "Al Fakher" entities, including, but not limited to Al Fakher
    Tobacco Factory F.Z.E., Al Fakher International Co., and Al Faker Tobacco and

21  Trading Co., from all known and unknown, past, preset, or future claims related to

22  the operations of Sierra, and Hanna's employment by or position at Sierra,
    exclusive of any obligations arising under the terms of this Confirmation.

23  Additionally, Hanna further releases Sierra, Emil Hakim, and Ehab Atalla from all

24  known and unknown past, present and future claims related to the operations of
    Sierra Network, Inc., and Hanna's employment by or position at Sierra Network,

25  Inc., exclusive of any obligation arising under the terms of this Confirmation.

26      30.     On September 24, 2017, Al Fakher Holding TTA's subsidiary Pioneer Venture

27  Group, Co. created "Al Fakher Holding, USA, Inc." in the State of California for the purpose of

28  

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  acquiring Sierra Network.

2      31.   On October 23, 2017, Director Defendants asked Plaintiff to execute a "Form of

3  Acknowledgement and Release" in favor of Al Fakher Holding, USA, Inc. and Sierra Network.

4  The deceitful release language expanded again to prohibit any and all claims that Plaintiff:

5
6      "may now own or hold, or have at any time prior to the date hereof may
   have owned or held, or may at any time own or hold *by reason of any matter or*
7  *thing arising from any cause or event whatsoever* that occurred on or prior to the
   date hereof, *including but not limited to those related to, or arising from, Hanna's*
8  *ownership of the Shares or sale of the Shares* prior to the consummation of the
9  transaction with Buyer [Al Fakher Holding, USA, Inc]."

10     32.   The Agreement also included the following clause:

11     *"Hanna assumes all risk of mistake.   If Hanna should subsequently*
12 *discover that any fact relied upon by him in entering into this Agreement was not*
   *true or that any fact was not known or that his understanding of the facts or the*
13 *law was incorrect, such party shall not be entitled to any relief in connection*
   *herewith.   Notwithstanding the generality of the foregoing, no party shall have*
14 *any right or claim to set aside or rescind this Agreement."*

15     33.   This contract language, which is voidable by public policy, was slightly expanded
16 in a November 10, 2017 "Acknowledgement of Release" entered into by Plaintiff, Sierra
17
   Network, Emil Hakim and Ehab Atalla.  The Acknowledgement of Release required Plaintiff to:
18
19     "fully and forever release, acquit and discharge Sierra, Al Fakher Holdings
   USA, Inc., Hakim, Atalla, and each of their affiliates... from any liabilities... *of*
20 *any form whatsoever, of whatever kind or nature in law, equity or otherwise...*
   including but not limited to *those related to, or arising from, Hanna's ownership*
21 *of the Shares or sale of the Shares prior to the consummation of Sierra, Hakim*
22 *and/or Atalla's transaction with Al Fakher Holding USA, Inc."*

23     34.   Upon  information  and  belief,  Plaintiff  believes  and  alleges  that  Director
24 Defendants knew of the true position of the company yet purposely misled Plaintiff about its
25 potential purchase price and valuation in order to improperly redeem Plaintiff's shares at a false
26 low price immediately prior to a much more valuable sale of the company.
27
       35.   Throughout Director Defendants' negotiations with Al Fakher on the one hand
28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   and redemption transaction with Plaintiff on the other hand, Director Defendants repeatedly

2   misrepresented to Plaintiff that Sierra Network's valuation was only $12.7 Million U.S. Dollars.

3        36.    On December 4, 2017, three months after Plaintiff sold his 12.5% equity interest

4
    for $2.1 Million U.S. Dollars, Al Fakher Holdings USA, Inc. acquired Sierra Network from the
5
    only remaining shareholders, Emil Hakim and Ehab Atalla, for a purchase price of $38.6 Million
6
7   U.S. Dollars.

8        37.    In ignorance of the falsity of Director Defendants' misleading statements and

9   their failure to disclose material facts, Plaintiff relied thereon to his detriment in selling his

10  shares of Sierra Network stock at a price which was not fair.

11       38.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has

12
    been damaged in an amount in excess of the jurisdictional requirements of this Court, to be
13
14  established in accordance with the proof at trial.

15             **FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**
                    *(Against Director Defendants and DOES 1-250, inclusive)*
16
17       39.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

18  through 38, above.

19       40.    As directors, officers, and majority shareholders of Sierra Network, Inc.,

20  Defendants Emil Hakim and Ehab Atalla ("Director Defendants") owed a fiduciary duty to

21  Plaintiff as a minority shareholder of the company and thus were required to refrain from

22
    abusing their positions of directors, officers, and majority shareholders in a manner that favors
23
    Director Defendants' personal interests at the expense of Plaintiff.  Director Defendants have a
24
25  duty to refrain from activity orchestrated to benefit themselves at the expense of the Plaintiff.

26       41.    Director Defendants, in performing and omitting to perform the acts hereinabove

27  alleged, had a confidential and fiduciary relationship whereby Director Defendants undertook

28  actions for the benefit of Plaintiff, including but not limited to, the obligation to render a full and

                                            10

fair disclosure to Plaintiff of all the facts that materially affects the rights and interests of a fellow shareholder such as Plaintiff.

42.     Director Defendants owed Plaintiff the highest duties of loyalty, honesty, fidelity, trust, candor, disclosure and due care in their fiduciary obligations, as follows:

i)      To act faithfully towards Plaintiff and his interests;

ii)     To faithfully disclose all potential and existing conflicts of interest; —

iii)    To faithfully and diligently keep Plaintiff informed of all material developments that affected his interests; and

iv)     To refrain from intentional dishonesty.

43.     As set forth above, Director Defendants breached their obligations and fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision, by:

i)      Materially misleading Plaintiff about the fair value of Sierra Network, Inc. in the upcoming sale;

ii)     Redeeming Plaintiff's shares at an unfairly low value;

iii)    Redeeming Plaintiff's shares without disclosing the fair value of Sierra Network, Inc. as of the date of redemption;

iv)     Failing to disclose to Plaintiff, a minority shareholder, information affecting the value of Plaintiff's shares after Plaintiff agrees to sell the shares but before the sale took place;

v)      Redeeming Plaintiff's shares without disclosing their inherent conflict of interest arising from their capacities as officers, directors, majority shareholders, and insiders;

vi)     Failing to disclose appraisals of share value and profit projection to Plaintiff in connection with the sale of Sierra Network, Inc.;

vii)    Seeking multiple releases from liability without first providing a full and fair statement of the nature and effects of their acts;

viii)   Engaging in intentional dishonesty and fraud by disseminating false information and making misleading omissions; and

ix)   Other acts and omissions which may be discovered during the course of our investigation.

44.   In failing to disclose material facts and committing the breaches of fiduciary duties and obligations as set forth herein, Director Defendants acted intentionally, willfully, maliciously, oppressively, fraudulently, and/or in conscious disregard of the rights and interests of Plaintiff.

45.   As a direct and proximate result of Director Defendants' breach of their fiduciary duties, Plaintiff has suffered economic and non-economic losses in an amount according to proof.

## SECOND CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### *(Against Director Defendants and DOES 1-250, inclusive)*

46.   Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 45, above.

47.   As discussed above, on various dates between November 1, 2007 and November 10, 2017, Plaintiff entered into oral and written contracts with Emil Hakim, Ehab Atalla and/or Sierra Network, Inc.  The written contracts were binding on the parties' heirs, successors, and assigns. Sierra Network, Inc. was purchased by Fakher Holding, USA, Inc. which owns 100% of Sierra Network's stock.

48.   The written contracts between Plaintiff and Defendants contained an implied covenant of good faith and fair dealing that obligated Defendants to perform their duties and obligations competently, professionally, and with due diligence and to refrain from doing any act which would prevent or impede Plaintiff from obtaining the benefit of his bargain.

49.    As a direct and proximate result of Defendants' breaches of the covenant, Plaintiff has incurred special, general, and consequential damages in amount to be established at trial in accordance with the proof.

### THIRD CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF *CALIFORNIA BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.*
### (Against All Defendants and DOES 1-250, inclusive)

50.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 49, above.

51.    The Unfair Competition Law defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

52.    A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

53.    Defendants have violated the unfair prong of the Unfair Competition Law by systematically failing to disclose to Plaintiff material information concerning the actual value of his shares prior to redemption.  Director Defendants engaged in purposeful conduct with the intention of giving Plaintiff an unfairly low price for his shares in order to obtain a significantly higher price for them in the final sale of the company.

54.    These acts and practices are unfair because they rob minority shareholders of trust in the directors and the confidence in the belief that majority shareholders have every stockholder's best interest in mind when acting.

55.    The gravity of the harm to members of the class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications or motives of Defendants for engaging in such acts.

56.     Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and similarly situated Class members.

57.     As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiffs and all Class members, and to enjoin Defendants from continuing to violate the Unfair Competition Law as alleged herein. Otherwise, Plaintiff may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CAUSE OF ACTION FOR VIOLATION OF *CALIFORNIA CORPORATIONS CODE § 25401*
#### *(Against Director Defendants and DOES 1-250, inclusive)*

58.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 57, above.

59.     Section 25401 of the *California Corporations Code* makes it unlawful for any person to buy or offer to buy a security in this state by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

60.     In connection with Director Defendant's purchase of Plaintiff's shares as described herein, Defendants knowingly or with reckless disregard for the truth made various misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which the statements were made, not misleading.

61.     Director Defendants failed to disclose all facts known to them concerning the sale of Sierra Network, Inc. and the valuation of Plaintiff's shares, which they had a fiduciary obligation to disclose to Plaintiff.

62.     The purpose and effect of Director Defendants' conduct was to cause the sale of

14

Plaintiff's shares to be made under circumstances which benefited Director Defendants but caused detriment to Plaintiff.

63.     In ignorance of the falsity of the misleading statements and the failure of Director Defendants to disclose material facts, Plaintiff relied thereon to his detriment in selling his shares at a price which was not fair.

64.     As a direct result of Director Defendants' wrongful conduct, Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION FOR FRAUD**
*(Against Director Defendants and DOES 1-250, inclusive)*

65.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 64, above.

66.     Director Defendants owed a fiduciary duty of candor to Plaintiff.  By virtue of Plaintiff having placed his trust and confidence in Director Defendants' fidelity and integrity and entrusting Director Defendants to act fairly, a confidential relationship existed at all relevant times between Plaintiff and Director Defendants.  As fiduciaries, Director Defendants had a duty to make full disclosure to Plaintiff of all material facts in connection with the sale of his shares in Sierra Network.

67.     Plaintiff in fact placed confidence and reliance on Director Defendants' various misleading statements or material facts and/or omission of material facts in connection with Plaintiff's sale of his stock to Director Defendants.

68.     In ignorance of the falsity of the misleading statements and the failure of Director Defendants to disclose material facts, Plaintiff relied thereon to his detriment in signing multiple sham contracts and selling his shares of company stock at a price which was unfair.

69.     As a result of Director Defendants' fraudulent actions, they gained an unjust advantage over Plaintiff.  Upon information and belief, Director Defendants engaged in the

15

conduct alleged herein with the intent to deceive and defraud Plaintiff into believing that his interests were being fully protected when in reality they were not.

70.     As a direct, proximate and substantial cause and result of Director Defendants' fraudulent conduct, Plaintiff has suffered injuries as set forth more fully herein and according to proof at trial.

71.     In failing to disclose material facts and committing the breaches of fiduciary duties and obligations as set forth herein, Director Defendants acted intentionally, willfully, maliciously, oppressively, fraudulently, and/or in conscious disregard of the rights and interests of Plaintiff.  By reason thereof, Plaintiff is entitled to recover from Defendants punitive damages and exemplary damages in an amount sufficient to punish and make an example of Defendants pursuant to *California Civil Code* § 3294.

72.     As a result of Director Defendants' conduct alleged herein, Plaintiff is entitled to unilateral rescission of each contract which Plaintiff entered into under mistake, fraud, duress and/or undue influence exercised by or with the connivance on behalf of Director Defendants pursuant to *California Civil Code* § 1689(b).  Specifically, Plaintiff is entitled to rescission of the following Agreements:

i)      "Sierra Network, Inc. Shareholder Agreements Amendment," executed February 25, 2017;

ii)     "Sierra Network, Inc. Shareholder Agreements Addendum," executed August 1, 2017;

iii)    "Shareholder Confirmation," executed August 31, 2017;

iv)     "Form of Acknowledgement and Release," executed October 23, 2017; and

v)      "Acknowledgement of Release," executed November 10, 2017.

///

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SIXTH CAUSE OF ACTION FOR VIOLATION OF RULE 10b-5 OF SECURITIES AND EXCHANGE ACT OF 1934

### (Against All Defendants and DOES 1-250, inclusive)

73.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 72, above.

74.     Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 make it unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange to engage in any act or make any untrue statement/omission of a material fact in order defraud a person in connection with the sale of any security.

75.     Upon information and belief, in connection with the purchase and sale of Plaintiff's shares in Sierra Network, Inc. as described herein, Director Defendants knowingly caused certain documents to be mailed, and assertions to be made which included various misleading statements of material facts and/or omissions of material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

76.     Director Defendants failed to disclose all facts known to them concerning their purchase of Plaintiff's shares, which disclosure they were required to perform because of their fiduciary duties owed to Plaintiff. The purpose and effect of Director Defendants' conduct was to cause Plaintiff to sell his stock at an unfair price which benefitted Director Defendants but caused detriment to Plaintiff.

77.     In ignorance of the deceptiveness of Director Defendants' conduct, Plaintiff did in fact rely thereon to his detriment in selling his shares to Director Defendants at a price far below what Director Defendants knew was the fair value.

78.     As a direct and proximate result of Director Defendants' conduct, Plaintiff has

17

1  been damaged in an amount according to proof.

2  **SEVENTH CAUSE OF ACTION FOR NEGLIGENCE**
3  *(Against All Defendants and DOES 1-250, inclusive)*

4  79.   Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

5  through 78, above.

6  80.   Defendants owed Plaintiff a duty of care by virtue of their position as directors,

7  officers, and majority shareholders of Sierra Network, Inc.

8
9  81.   Defendants breached their duty of care in multiple ways, including, but not

10  limited to: breaching their duty of candor, breaching their duty to disclose material information,

11  breaching their duty to act in good faith in connection with enticing Plaintiff to enter into secretly

12  misleading contracts and in connection with the purchase and sale of Plaintiff's shares prior to

13  the sale of the entire company.

14  82.   As a direct and proximate result of Defendants' breach of fiduciary duties,

15  Plaintiff has suffered economic and non-economic losses in an amount according to proof.

16  **EIGHTH CAUSE OF ACTION FOR CONSPIRACY**
17  *(Against All Defendants and DOES 1-250, inclusive)*

18  83.   Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

19  through 82, above.

20  84.   Upon information and belief, Plaintiff believes and herein alleges that Al Fakher

21  Holding Tobacco and Trading Co., along with its subsidiaries Pioneer Venture Group, Ltd. and

22
23  Al Fakher Holding USA, Inc. (the "Al Fakher Defendants") were aware of and participated in

24  Director Defendants' plan to deceive Plaintiff out of a fair compensation for Plaintiff's shares in

25  Sierra Network, Inc. based on what Al Fakher Defendants knew or reasonably should have

26  known was going to be the final purchase price for Sierra Network, Inc.

27  85.   The memo released by Al Eqbal Investment Co. on July 28, 2017 acknowledged a

28

valuation of Sierra Network, Inc. at around $55 Million U.S. Dollars. Throughout the deal process, Plaintiff believes and herein alleges that Al Fakher Defendants and Director Defendants conspired together to cause Plaintiff to execute amendments to the Shareholder Agreements which would release Al Fakher Defendants from liability for the deceitful actions alleged herein without Plaintiff having any reason to know the true nature of and reason for the amendments.

86.     Plaintiff alleges that Al Fakher Defendants agreed with Director Defendants and so intended the wrongful acts against Plaintiff alleged herein to be committed. Plaintiff further alleges that due to the relationship between the Director Defendants and Al Fakher Defendants, the sale was not an arms-length transaction. Thus, based on the circumstances of the transaction, the nature of the acts done, the relationship between the defendants and the interests of the co-conspirators, Plaintiff believes defendants conspired to cause Plaintiff's rightful earnings to be redirected to Director Defendants. In a further attempt to conceal the proper valuation of the company, Plaintiff believes and herein alleges that Al Fakher Defendants falsely labeled the additional amounts paid as "goodwill," after Director Defendants had Plaintiff agree in a contractual amendment that he would not partake in.

87.     As a direct and proximate result of Defendants' breach of fiduciary duties, Plaintiff has suffered economic and non-economic losses in an amount according to proof.

## NINTH CAUSE OF ACTION FOR COMMON COUNTS
### (Against Director Defendants and DOES 1-250, inclusive)

88.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 87, above.

89.     Plaintiff alleges that Director Defendants received money that rightfully belonged to Plaintiff.

90.     Due to Director Defendants' dishonesty toward Plaintiff, Director Defendants received Plaintiff's money and retained it. The money was never used for the benefit of Plaintiff.

1    91.    Director Defendants still have not given Plaintiff the money he is owed.  Instead,

2    Director Defendants attempted to shield themselves from paying what equity requires by

3    entering into deceitful contracts with Plaintiff.  In equity and good conscious, the funds that

4    Director Defendants received for Plaintiff's 12.5% equity in Sierra Network, above and beyond

5    the funds already provided to Plaintiff, should be given to Plaintiff.

6

7    **TENTH CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD**
     *(Against Director Defendants and DOES 1-250, inclusive)*

8    92.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1

9    through 91, above.

10

11   93.    Director Defendants were directors of Sierra Network, Inc. and therefore owed a

12   fiduciary duty to Plaintiff to provide complete and accurate information in connection with the

13   sale of his shares.

14   94.    Director Defendants breached this duty by failing to provide Plaintiff with

15   complete and accurate information.  Rather, the information Director Defendants gave to

16   Plaintiff regarding the fair value of his shares was inaccurate and/or incomplete, which Director

17   Defendants knew or should have known was incorrect.

18

19   95.    Plaintiff reasonably relied on the information provided to him by Director

20   Defendants.  Thus, Director Defendants' failure to disclose information misled Plaintiff to his

21   detriment.

22   96.    Had Director Defendants disclosed complete and accurate information, Plaintiff

23   reasonably would have behaved differently.  As a direct result of Director Defendants' conduct,

24   Plaintiff suffered economic and non-economic harm.

25

26   ///

27   ///

28   ///

## ELEVENTH CAUSE OF ACTION FOR INTENTIONAL
## MISREPRESENTATION
### (Against Director Defendants and DOES 1-250, inclusive)

97.     Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 96, above.

98.     At the time Director Defendants made false misrepresentations to Plaintiff concerning the valuation of his shares, Director Defendants knew that the shares were worth a much higher value based on their negotiations with Al Fakher.

99.     However, in an effort to unfairly usurp the profits owed to Plaintiff, Director Defendants made such false representations to Plaintiff with the express intent of deceiving him and inducing his reliance upon the statements and low valuation of Sierra Network.

100.    Plaintiff justifiably relied on Director Defendants' intentional misrepresentations, which caused him economic and non-economic injury.

## TWELFTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION
### (Against Director Defendants and DOES 1-250, inclusive)

101.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 100, above.

102.    Director Defendants represented to Plaintiff that his shares were worth only around $2 Million U.S. Dollars.  This representation was, in fact, not true.  Director Defendants had no reasonable grounds for believing this representation was true when they continuously made it to Plaintiff.

103.    Director Defendants made said misrepresentations to Plaintiff with the intention that he rely on them.  Plaintiff did, in fact, reasonably rely on Director Defendants' misrepresentations.

104.    As a direct and proximate result of Plaintiff's reliance on Director Defendants' representations, Plaintiff suffered harm.

21

## THIRTEENTH CAUSE OF ACTION FOR RESCISSION OF CONTRACTS
### (Against Director Defendants and DOES 1-250, inclusive)

105.    Plaintiff realleges and incorporates herein as if set forth in full, paragraphs 1 through 104, above.

106.    At the time Plaintiff entered into the Amendments to Shareholder Agreements, he had no reason to know of Director Defendants' fraudulent intent to deceive and harm Plaintiff. In actuality, through a series of contractual agreements and amendments to agreements, Director Defendants were, in essence, attempting to build a protective shield around the profits they knew they would receive which rightfully belonged to Plaintiff.

107.    Based on the knowledge and information that Plaintiff now knows, which he had no reasonably way of knowing of at the time of contracting, the contracts were executed under fraud, mistake of fact, and contained unconscionable terms.

108.    Equity and justice require rescission of each contract and amendment in order to allow Plaintiff an avenue to seek a fair remedy for defendants' transgressions against him. Had Director Defendants fulfilled their fiduciary duties and disclosed all material facts known to them at the time of entering into the contracts with Plaintiff, Plaintiff would have likely acted differently and not entered into the agreements.

109.    Due to defendants' conduct, justice and fairness require the contracts to be rescinded.   The language in the contracts concerning releasing defendants from liability is unconscionable.   The language in the contracts concerning the proper and fair valuation of Plaintiff's shares in the company is unconscionable.   The language in the contracts stating that Plaintiff has no right to profits the company receives under the guise of "goodwill" is a sham and unconscionable.

110.    As a direct and proximate result of Director Defendants' extensive misdeeds, Plaintiff has suffered economic and non-economic losses which require rescission of the

22

1  contracts.

2                                         V.
3                              **PRAYER FOR RELIEF**

4          **WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them,

5  as to all causes of action, as follows:

6          1.      Plaintiff demands a jury trial as to the issues so triable;

7          2.      Special damages according to proof;

8
           3.      General damages according to proof;
9
           4.      Rescission of contracts;
10
11         5.      Restitution and disgorgement of all benefits and other undue compensation

12  obtained by Defendants at the expense of Plaintiff;

13         6.      Attorneys' fees and costs pursuant to *California Civil Code* § 1717;

14         7.      Declaratory and punitive damages;

15         8.      Equitable and/or injunctive relief as permitted by law and equity including
16
   restitution, attaching, impounding, imposing a constructive trust on, or otherwise restricting
17
18  Defendants' assets so as to ensure that Plaintiff recover any judgments obtained against the

19  Defendants for their misdeeds; and

20         9.      Such further relief as the Court deems just and proper.

21

22  Dated: November 28, 2018                    IVIE, McNEILL & WYATT

23
                                        By:
24                                              RODNEY S. DIGGS, ESQ.
                                                CHAENA B. DADE, ESQ.
25                                              Attorneys for Plaintiffs,
                                                **DAVID HANNA**
26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff DAVID HANNA hereby demands a jury trial on all causes of action in the above-referenced matter.


Dated: November 28, 2018

IVIE, McNEILL & WYATT

By:

RODNEY S. DIGGS, ESQ.
CHAENA B. DADE, ESQ.
Attorneys for Plaintiffs,
DAVID HANNA

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL